LEON GREENBERG, ESQ., SBN 8094
DANA SNIEGOCKI, ESQ., SBN 11715
Leon Greenberg Professional Corporation
2965 South Jones Blvd- Suite E3
Las Vegas, Nevada 89146
(702) 383-6085
(702) 385-1827(fax)
leongreenberg@overtimelaw.com
dana@overtimelaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA ISABEL IBARRA ("Ibarra") Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RMC & S CORP, a/k/a and d/b/a DELUXE CLEANERS & ALTERATIONS; JOHNNY CORONEL; an individual; MARY CORONEL, an individual; RAFAEL CORONEL, an individual; and SEBASTIAN CORONEL an individual; EMPLOYEE(S)/AGENT(S) DOES 1-10; AND ROE CORPORATIONS 11-20, INCLUSIVE<br><br>Defendants. | Case No.: 15-cv-01479-RFB-PAL<br><br>ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT |

The Court has before it the parties' joint motion for preliminary approval of a proposed class action settlement ("Settlement"), which is subject to review and approval under Fed. R. Civ. Pro. Rule 23 and the Fair Labor Standards Act ("FLSA") and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of this Action. After reviewing the Motion for Preliminary Approval, the Stipulation of Settlement ("Stipulation"), adopting for use in this Order the terms defined in

1

the Stipulation and which will have the same meaning in this Order as they do in the Stipulation, and reviewing all relevant documents filed with the Court, the Court hereby finds and orders as follows:

1. The Court finds on a preliminary basis, subject to further consideration at the Final Approval Hearing to be held on **11/29/2016** at **10:00 AM**, a date that is at least one hundred fifteen (115) days after the date of this Order, that the Settlement memorialized in the Stipulation appears to be fair, adequate, and reasonable, falls within the range of reasonableness, and, therefore, meets the requirements for preliminary approval and grants such preliminary approval, subject to any objections by members of the below-specified Class and final review by the Court. The Court also finds that this Stipulation is the result of protracted arms-length negotiations between experienced counsel.

2. Pursuant to Rule 23 and the FLSA and for the purposes of this Settlement only, the Court preliminarily certifies the following class ("Class"):

> All individuals who are listed on Exhibit "1" of the Stipulation, in respect to any of the claims asserted in Plaintiffs' Complaint [Dkt. 1] and arising from such persons' employment by the defendants from December 1, 2012 through December 31, 2015, and in the event any such persons are deceased or legally adjudicated incompetents, their legal representatives or heirs at law.

3. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (c) the claims of the Class Representatives designated in this Order are typical of the claims of the Class; (d) the Class Representatives designated in this Order and Plaintiffs'

1  Counsel will fairly and adequately protect the interests of the Class; and (e) a
2  class action is superior to other available methods for the fair and efficient
3  adjudication of the controversy.

4      4.    The Court, for settlement purposes only, appoints the named
5  Plaintiff, Maria Isabel Ibarra, as the Class Representative.

6      5.    The Court appoints, for settlement purposes only, Christian
7  Gabroy and Oscar Peralta of the Gabroy Law Office, and Leon Greenberg and
8  Dana Sniegocki of Leon Greenberg Professional Corporation as counsel for
9  the Class.

10      6.    The Court appoints Rust Consulting as the Settlement
11  Administrator and preliminarily finds that the estimated Administration Costs
12  of Thirteen Thousand and 00/100 Dollars ($13,000.00), as set forth in the
13  Stipulation, is fair and reasonable.

14      7.    The Court approves, as to the form and content, the Notice of
15  Proposed Class Action Settlement ("Notice"), attached hereto as Exhibit A,
16  which informs the Class Members of the terms of the proposed Settlement, the
17  preliminary approval of the Settlement, and the scheduling of the Final
18  Approval Hearing. The Court finds that the dates selected for the mailing,
19  distribution, and response to the Notice and requests for exclusion from the
20  Class (a) meet the requirements of due process, (b) provide the best notice
21  practicable under the circumstances, (c) shall constitute due and sufficient
22  notice to all persons entitled thereto, and (d) meet the requirements of Rule 23
23  and the FLSA.

24      8.    Class Members shall be bound by the determinations and
25  judgments in the Action with respect to the Stipulation, whether favorable or
26  unfavorable, unless they request exclusion in a timely and proper manner as
27  described in the Notice. Class Members requesting exclusion from the Class
28

shall not be entitled to receive any Settlement Award from the Settlement as described in the Stipulation and the Notice.

    9.    The Court enjoins Plaintiffs and all Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims that would be released upon the final approval of the Settlement and the final judgment to be entered thereon, unless and until such Class Members have filed a valid request for exclusion with the Settlement Administrator.

    10.    The Court orders the following schedule of dates for further proceedings:

    a.    The Notice shall be mailed by first class mail, postage prepaid, by the Settlement Administrator to the last known address of each Settlement Class Member, as provided for in the Stipulation, no later than thirty (30) days from the date of this Order, and if such date falls on a Saturday, Sunday, or legal holiday, then on the next business day.

    b.    Deadline for Plaintiffs' serving and filing the Motion for Final Approval:  No later than ninety (90) days from the date of this Order, and if such date falls on a Saturday, Sunday, or legal holiday, then on the next business day.

    c.    Deadline for comments and/or objections to the Settlement, to be submitted in the manner defined in the Notice:  No later than seventy-five (75) days from the date of this Order, and if such date falls on a Saturday, Sunday, or legal holiday, then on the next business day.

    11.    The purpose of the Final Approval Hearing shall be as follows:

    a.    To finally determine whether the Action satisfies the applicable requisites for class action treatment of the Class under Rule 23 for the purposes of this Settlement;

    b. To determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by this Court;

    c. To determine whether the Final Settlement Order as provided under the Stipulation should be entered in the Action, dismissing the Complaint filed in the Action against Defendants, on the merits and with prejudice, and to determine whether the Release of Claims, as set forth in the Stipulation, should be provided to the Defendants and Released Parties;

    d. To determine whether the distribution of the Settlement Fund, as set forth in the Notice and Stipulation, is fair and reasonable and should be approved by this Court;

    e. To consider Plaintiffs' Counsel's application for an allocation of attorneys' fees and expenses;

    f. To consider comments and/or objections to the Settlement, including the distribution of the Settlement Fund, provided that the comments and/or objections are submitted in a timely and proper manner as specified in the Stipulation;

    g. To consider approval of a Named Plaintiff Service Award as specified in the Notice and Stipulation for the Class Representatives appointed by this Order for their assistance in the prosecution of the Action.

    h. To rule upon such other matters as this Court may deem appropriate.

12. In the event no objections to the Settlement are received in a timely manner and in the form provided for in the Notice, the Court may cancel the Final Approval Hearing, without notice to the Class, and proceed to make the foregoing determinations required under Rule 23 and the FLSA based upon the written submissions of the parties.

13. Any Class member who does not object to the Settlement, including the distribution of the Settlement Fund, as provided for in the Notice and by the deadline above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement and its terms, including, the Final Settlement Order, the Fee and Expense Award to Plaintiffs' Counsel, the Named Plaintiff Service Award, and/or the distribution of Settlement Awards as provided for in the Stipulation and the Notice.

14. The Settlement Administrator, with the assistance of Plaintiffs' Counsel, shall, within sixty (60) days from the date of this Order file with this Court a status report in the form of a declaration detailing the efforts made in mailing the Notice to all Class Members. Such declaration contain the following:

    (a) The identities of any Class Members to whom the Notice mailing was returned to the Settlement Administrator as undeliverable by the United States Postal Service;

    (b) A detailed explanation of the efforts made by the Settlement Administrator to locate alternative mailing addresses for such Class Members and have the Notice re-mailed to such different mailing addresses.

6

The Settlement Administrator is hereby ordered to make vigorous efforts to locate valid mailing addresses for all Class Members to mail the notice to them, consistent with the terms of the Stipulation of Settlement.

15. The Court reserves the right to approve the Stipulation with or without modification and with or without further notice of any kind. This Court further reserves the right to enter the Final Settlement Order in the Action, approving the Stipulation and dismissing the Action as against the Defendants, on the merits and with prejudice, regardless of whether it has approved all of the terms of the Stipulation.

16. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement and its terms as set forth in the Stipulation and the Notice.

IT IS SO ORDERED.

**DATED:** <u>July 27, 2016</u>.

_____
**RICHARD F. BOULWARE, II**
UNITED STATES DISTRICT JUDGE