LEON GREENBERG, ESQ. SBN 8094
DANA SNIEGOCKI, ESQ. SBN 11715
Leon Professional Corporation
2965 S. Jones Blvd - Suite E3
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com

CHRISTIAN GABROY, ESQ. SBN 8805
Gabroy Law Offices
170 South Green Valley Pkwy- Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
CHRISTIAN@GABROY.COM
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA ISABEL IBARRA, an individual, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RMC & S CORP. a/k/a and d/b/a DELUXE CLEANERS & ALTERATIONS, a corporation; JOHNNY CORONEL, an individual; MARY CORONEL, an individual; RAFAEL CORONEL, an individual; SEBASTIAN CORONEL, an individual; EMPLOYEE(S)/ AGENT(S) DOES 1-10; AND ROE CORPORATIONS 11-20, INCLUSIVE,<br><br>Defendants. | Case No. 2:15-cv-01479-RFB-PAL<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |

On November 28, 2016, the Court took under submission, the parties'

unopposed motion for final approval of the class action settlement and forth in the

Stipulation and Settlement Agreement of Claims ("Stipulation"), in the above

-1-

-captioned action and the Plaintiffs' unopposed motion for an award of a Named Plaintiff Service Award and for a Fee and Expense Award for Plaintiffs' Counsel as provided for in the Stipulation. The Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds that the distribution of the Notice of Class Action Settlement, which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

4. The Court finds that zero (0) Class Members have objected to the Settlement. One (1) Class Member has timely requested exclusion from the Settlement. That person is Paolah Guaman and is not subject to any of the provisions of the Settlement. The Court also finds that two (2) class members presumptively did not be receive the Notice of the Settlement and therefore are not subject to any of the provisions of the Settlement. Those persons are Gloria Peralta and Raul Morales.

5. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel. After considering Defendants' potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs'

Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the settlement. The parties are ordered to carry out the settlement as provided in the Stipulation.

6. As counsel for the Class, Leon Greenberg and Dana Sniegocki of Leon Greenberg Professional Corporation and Christian Gabroy of the Gabroy Law Office, shall be paid a combined fees and costs payment of $35,000.00 from the Settlement Fund, to be paid in installments as specified in paragraphs 57 through 59 of the Stipulation, for their services on behalf of the Plaintiff and the Class.

7. As the Settlement Administrator, Rust Consulting shall be paid from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Stipulation and as provided in this paragraph. Pursuant to the declaration of its Project Manager, Bruce Holt, submitted to this Court, its estimated maximum costs for administration of the settlement of this matter is $13,000.00. Its payment of costs in that amount from the Settlement Fund, to be paid in installments as specified in paragraphs 57 through 59 of the Stipulation, is approved, provided that it shall receive a lesser amount, if any, that is equal to the actual charges properly paid to it for the services it provides in completing the administration of the Settlement.

8. Except as stated in this Order all other terms of the Settlement will remain as stated in the Stipulation and Settlement Agreement of Claims and all accompanying documents and the Orders of this Court.

9. The Clerk of the Court is directed to enter a Final Judgment of dismissal and the Complaint is dismissed with prejudice.

10. The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED: June 5, 2017.